UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

CURT WEHRMEYER,

   *Plaintiff,*

v.

VILAS COUNTY, JONATHAN EUTING,
CITY OF EAGLE RIVER, AND JORDAN BRAULT,

   *Defendants.*

Case No: 3:25-cv-1065

---

# COMPLAINT

---

Plaintiff Curt Wehrmeyer, by his attorneys, Strang Bradley, LLC, for his complaint against Defendants, states:

## INTRODUCTION

1. This is a lawsuit for money damages brought under 42 U.S.C. § 1983 to redress the deprivation under color of law of Curt Wehrmeyer's constitutional right to be free from unreasonable search and seizure in violation of the Fourth Amendment of the United States Constitution.

2. On April 9, 2025, Vilas County Sheriff's Office Deputy Jonathan Euting and Eagle River Police Department Officer Jordan Brault illegally detained and searched Wehrmeyer without a warrant or any valid exception to the warrant requirement.

3. Plaintiff seeks actual or compensatory damages against Defendants, and because they acted in reckless disregard for Plaintiff's rights, punitive damages, plus the

costs of this action, attorneys' fees, and such other and further relief that the Court deems just and equitable.

## JURISDICTION AND VENUE

4.  This Court has jurisdiction over federal claims under 28 U.S.C. § 1331 and the state law claim for indemnification under 28 U.S.C. § 1367.

5.  Venue is proper under 28 U.S.C. § 1391(b). Defendant Vilas County is a political subdivision of the state of Wisconsin located within this judicial district. Additionally, the events giving rise to the claims asserted herein occurred within this judicial district.

## PARTIES

6.  Plaintiff Curt Wehrmeyer is an adult resident of the state of Wisconsin and the County of Vilas.

7.  Defendant Vilas County is a political subdivision of the State of Wisconsin and was the employer of individual Defendant Jonathan Euting at the time of the occurrences giving rise to this lawsuit and is required to pay any tort judgment for damages for which its employees are liable for acts within the scope of their employment under WIS. STAT. § 895.46.

8.  Defendant Vilas County is sued as an indemnitor.

9.  Defendant Jonathan Euting was, at the time of this occurrence, employed as a Deputy in the Vilas County Sheriff's Office. At all times relevant to this action, Defendant Euting engaged in the conduct complained of while he was a duly appointed and sworn Deputy.

10. At all times relevant to this action, Defendant Euting was acting under color of state and local law.

11. At all times relevant to this action, Defendant Euting engaged in the conduct complained of within the scope of his employment with Vilas County.

12. Defendant City of Eagle River is a political subdivision of the State of Wisconsin and was the employer of individual Defendant Jordan Brault at the time of the occurrences giving rise to this lawsuit and is required to pay any tort judgment for damages for which its employees are liable for acts within the scope of their employment under WIS. STAT. § 895.46.

13. Defendant City of Eagle River is sued as an indemnitor.

14. Defendant Jordan Brault was, at the time of this occurrence, employed as an Officer in the Eagle River Police Department. At all times relevant to this action, Defendant Brault engaged in the conduct complained of while he was a duly appointed and sworn Officer.

15. At all times relevant to this action, Defendant Brault was acting under color of state and local law.

16. At all times relevant to this action, Defendant Brault engaged in the conduct complained of within the scope of his employment with the City of Eagle River.

## FACTS

17. On April 9, 2025, Plaintiff Curt Wehrmeyer was driving his car with a passenger when Defendant Deputy Jonathan Euting activated the emergency lights and siren of his squad car and conducted a traffic stop of the vehicle.

3

18. Defendant Euting pulled Plaintiff Wehrmeyer over because he did not have a sticker showing the month of his registration on his license plate.

19. Euting took Wehrmeyer's driver's license, ran it through dispatch, and confirmed it was valid.

20. Instead of writing Wehrmeyer a ticket for an expired registration (or giving him a warning), Euting unlawfully extended the traffic stop to wait for a K9 officer.

21. After completing the tasks necessary to complete the initial traffic stop, Euting remarked, "We just have to stall until Stern gets closer," referring to the K9 officer.

22. Defendant Brault then approached the vehicle and began speaking with the passenger.

23. Euting ordered Wehrmeyer to get out of his vehicle and frisked him without any reasonable suspicion to believe that he was armed or dangerous.

24. Euting and Brault then waited about eight minutes for the K9 officer to arrive.

25. As a direct and proximate result of the acts of Defendants, as detailed above, Plaintiff has suffered, *inter alia*, a violation of his privacy, physical harm, emotional suffering, mental distress, humiliation, loss of liberty, and incurred expenses.

## COUNT I:
### 42 U.S.C. § 1983 Claim for Unreasonable Search and Seizure

26. Plaintiff realleges the above paragraphs.

27. Defendants Euting and Brault unreasonably searched and detained Plaintiff Wehrmeyer by patting him down and handcuffing him. Wehrmeyer did not consent, and Euting and Brault lacked reasonable suspicion that Wehrmeyer was engaged in criminal conduct or was armed and dangerous.

4

28. The actions of Defendant Euting and Brault in searching Plaintiff Wehrmeyer without a warrant and without any other permissible lawful reason to do so violated Plaintiff's Fourth Amendment right to be free from unreasonable search and seizure, and thus violated 42 U.S.C. § 1983.

29. The aforementioned actions of Defendants Euting and Brault were the direct and proximate cause of the constitutional violations set forth above and of Plaintiff's injuries and damages set forth above.

WHEREFORE, pursuant to 42 U.S.C. §§ 1983 & 1988, Plaintiff demands actual or compensatory damages against Defendants Euting and Brault and because they acted in reckless disregard for Plaintiff's rights, punitive damages; the costs of this action, attorneys' fees; and such other relief that the Court deems just and equitable.

### COUNT II:
### 42 U.S.C. § 1983 Claim for Unreasonable Extension of Traffic Stop

30. Plaintiff realleges the above paragraphs.

31. Defendants Euting and Brault unlawfully extended the seizure of Plaintiff by deviating from their original mission of issuing a simple traffic ticket or warning to embark on a meandering fishing expedition that only concluded after Defendants Euting and Brault illegally searched Plaintiff.

32. Defendants Euting and Brault thus violated Plaintiff's Fourth Amendment rights to be free from unreasonable seizure.

WHEREFORE, pursuant to 42 U.S.C. §§ 1983 & 1988, Plaintiff demands actual or compensatory damages against Defendants Euting and Brault and because they acted in

reckless disregard for Plaintiff's rights, punitive damages; the costs of this action, attorneys' fees; and such other relief that the Court deems just and equitable.

## COUNT III:
### Indemnification Claim Against Vilas County

33. Plaintiff realleges the above paragraphs.

34. Wisconsin law, WIS. STAT. § 895.46, requires public entities to pay any tort judgment for damages for which employees are liable, for acts within the scope of their employment.

35. At all times relevant to this action, Defendant Euting engaged in the conduct complained of while on duty and in the course and scope of his employment with Vilas County.

WHEREFORE, Plaintiff asks this Court to find that Vilas County is liable to defend this action against Defendant Euting and to satisfy any judgment entered against him, by virtue of WIS. STAT. § 895.46.

## COUNT IV:
### Indemnification Claim Against City of Eagle River

36. Plaintiff realleges the above paragraphs.

37. Wisconsin law, WIS. STAT. § 895.46, requires public entities to pay any tort judgment for damages for which employees are liable, for acts within the scope of their employment.

38. At all times relevant to this action, Defendant Brault engaged in the conduct complained of while on duty and in the course and scope of his employment with the City of Eagle River.

WHEREFORE, Plaintiff asks this Court to find that the City of Eagle River is liable to defend this action against Defendant Brault and to satisfy any judgment entered against him, by virtue of WIS. STAT. § 895.46.

## JURY DEMAND

Plaintiff hereby demands a trial by jury, under FED. R. CIV. PRO. 38(b), on all issues so triable.

Respectfully submitted,

Dated: 30 December 2025,

STRANG BRADLEY, LLC
Attorneys for Plaintiff

/s/ John H. Bradley
John H. Bradley
  Wisconsin Bar No. 1053124
R. Rick Resch
  Wisconsin Bar No. 1117722
Jacob M. Stroup
  Wisconsin Bar No. 1089159
STRANG BRADLEY, LLC
613 Williamson St., Suite 204
Madison, WI 53703
(608) 535-1550
John@StrangBradley.com
Rick@StrangBradley.com
Jacob@StrangBradley.com